UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY WILKINS,** *et al.***,**

      **Plaintiffs,**

**-v-**         Case No.: 2:12-cv-1010
       JUDGE SMITH
       Magistrate Judge Kemp

**DAVID T. DANIELS,** *et al.***,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on the Motion to Intervene filed by the Humane Society of the United States (Doc. 9). Plaintiffs oppose this Motion. This matter is fully briefed and ripe for review. For the reasons that follow, the Motion to Intervene is **GRANTED**.

**I.     BACKGROUND**

Plaintiffs Terry Wilkins, Cindy Hunstman, Mike Stapleton, and Sean Trimbach[1] initiated this case on November 2, 2012 against Defendants The Ohio Department of Agriculture and its director, David T. Daniels.

Plaintiffs seek declaratory and injunctive relief, alleging that the Dangerous Wild Animal Act ("the Act"), Ohio Revised Code §§ 935.01 *et seq*., which regulates ownership and transfer of exotic animals, violates their constitutional rights.

The Plaintiffs in this case are all owners of multiple breeds of exotic animals and are

---

[1] Plaintiffs filed an Amended Complaint on December 3, 2012, adding three additional Plaintiffs, Cyril Vierstra and Robert Sawmiller, and Steve Frantz.

seeking relief from enforcement of the Act. Defendants the Department of Agriculture and its Director, Daniels, are charged with enforcement of the Act. The proposed intervenor, the Humane Society of the United States ("Humane Society"), is a non-profit organization with more than 488,000 members and supporters in the State of Ohio. The Humane Society is dedicated to preventing animal cruelty, promoting conservation, and eliminating the public safety threats posed by dangerous wild animals possessed by unqualified persons. The Humane Society was an active proponent of Senate Bill 310, now Ohio Revised Code §§ 935.01 *et seq*.

The Humane Society moves to intervene in this case asserting it has a direct and immediate interest in the outcome.

## II.     STANDARD OF REVIEW

Rule 24 of the Federal Rules of Civil Procedure governs intervention to a civil action. Rule 24 specifically provides:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>> (1) is given an unconditional right to intervene by a federal statute; or
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>> (1) In General.  On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.

In general, "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991). With regard to intervention as a matter of right, a party seeking to intervene must satisfy four elements. Specifically, a potential intervenor must

demonstrate "(1) that they have timely applied to intervene; (2) that they have a substantial legal interest in the pending litigation; (3) that their ability to protect that interest is impaired; and (4) that the parties presently before the court do not adequately represent that interest." *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993). A party must demonstrate each element before the Court may grant intervention as of right. *Id.*

Even if the Court denies intervention as a matter of right under Rule 24(a)(2), it may still grant permissive intervention under Rule 24(b)(1)(B). *See Purnell*, 925 F.2d at 950 n.8 (noting that although a party only moved for intervention as a matter of right, the district could have considered permissive intervention). The decision of whether to grant permissive intervention is within the Court's sound discretion. *See Blount-Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011) (reviewing permissive intervention determination for abuse of discretion). Like intervention as a matter of right, permissive intervention requires a timely application. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). Furthermore, the motion to intervene must establish "at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). The Court should also balance the factors of "undue delay, prejudice to the original parties, and any other relevant factors . . . ." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Finally, this Court has provided that "permissive intervention under Rule 24(b) is to be liberally granted, so as to promote the convenient and prompt disposition of all claims in one litigation." *Berk v. Moore*, No. 2:10-CV-1082, 2011 U.S. Dist. LEXIS 53981, at *3 (S.D. Ohio May 9, 2011) (internal quotations and citations omitted).

### III. DISCUSSION

The Humane Society moves to intervene in this case as of right, and in the alternative, seeks permissive intervention. The Court will first consider the elements of intervention as of right.

#### A. Timeliness

There is no dispute as to the first element; therefore, the Motion to Intervene is deemed timely. This case, although expedited, is still in its early stages. Defendants have not filed a responsive brief to Plaintiffs' Motion and the hearing has not been held. Accordingly, there would be no delay in the proceedings or prejudice by allowing the Humane Society to intervene at this stage in the proceedings.

#### B. Substantial Legal Interest in this Case

The Humane Society asserts that it has a substantial legal interest in this case because it was a vital participant in the political process that resulted in legislative adoption, it has spent substantial time, funds, and other resources to promote its efforts of the humane treatment of animals and conservation of endangered wildlife, and it must protect its members' legal interests. Further, the Humane Society asserts, and Plaintiffs do not dispute, that it has a financial interest in this case. The Humane Society, as a non-profit organization, depends on donations to continue its advocacy and educational efforts. The Humane Society asserts that donor support depends heavily on the success of its efforts to further the humane treatment of animals, conservation of endangered wildlife, and protection of public safety, consistent with its members' and constituents' interests. (Mot. to Intervene at 18).

Plaintiffs object to the self-serving affidavits filed by the Humane Society and assert that this element cannot be met if the Court would permit discovery and hold an evidentiary hearing on the issue. Plaintiffs do not provide any additional arguments to dispute this element. Due to the expedited nature of this case, permitting discovery and a hearing on this issue is not practical.

The Court acknowledges the right of an organization to intervene in litigation challenging the validity of a statute when the organization was a vital participant in the political process that resulted in legislative adoption. *See Miller*, 103 F.3d at 1247 (recognizing the Ninth Circuit's decision in *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995), that a public interest group involved in the process leading up to the adoption of legislation has a cognizable interest in defending that legislation).

The Sixth Circuit has interpreted this requirement broadly with the close cases to be resolved in favor of recognizing an interest under Federal Rule of Civil Procedure 24(a). *See Miller*, 103 F.3d at 1247. Therefore, the Court will resolve this close case in favor of recognizing that the Humane Society has a substantial legal interest in this case. Further, this case marks the first constitutional challenge to this new Act and therefore it is crucial to hear all available arguments to assist the Court in deciding this case.

### C. Protection of the Humane Society's Interests

The third element a potential intervenor must show is that its ability to protect its interests would be impaired without intervention. The movant's burden on this element is minimal. "[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247.

The Humane Society asserts that if the Court enjoins enforcement of the Act, its extensive advocacy, legal, staffing, and monetary commitments to its passage and preservation would be nullified and their organizational interests would be adversely effected.  Additionally, if the Act is found to be unconstitutional, private possession, breeding, and the sale of exotic animals would remain legal in Ohio, and animal welfare, conservation, and public safety would continue to be undermined, subjecting Humane Society members to the possibility of viewing or encountering privately owned dangerous wild animals kept in substandard conditions.  (Mot. to Intervene at 16).

Plaintiffs do not really challenge this element, but instead present arguments challenging the final element.

The Court finds that the Humane Society has met its minimal burden with respect to this element.  The Humane Society and its members have a substantial interest in seeing this law upheld, as set forth above, and therefore denying intervention would be denying them the ability to protect that interest.

### D. Adequate Representation of the Humane Society's Interests

The final requirement for intervention as of right is to show that representation of its interests may be inadequate.  Again, only a minimal showing that its interests may not be adequately represented by the existing parties is required.  *Northeast Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006).  "It is sufficient to prove that representation may be inadequate.  A would-be intervenor is not required to show that the current representation will in fact be inadequate." *Blackwell*, 467 F.3d at 1008.  This requirement "is satisfied if the intervenor can show that there is substantial doubt about whether

his interests are being adequately represented by an existing party to the case." *Bd. of Trs. of the Ohio Laborers' Fringe Benefit Progs. v. Ford Dev. Corp.*, 2010 U.S. Dist. LEXIS 86492, at *9 (S.D. Ohio Aug. 20, 2010).

The Humane Society asserts that its interests diverge from those of the State Defendants and therefore its interests are not adequately represented.  Specifically, the Humane Society states "while the State Defendants' interest is in the administration of their legal obligations on behalf of the general public, the Humane Society has a broader interest in advocating for prevention of cruelty to animals, conservation of endangered species, and protection of public safety, as well as the effectiveness of its organizational activities."  (Mot. to Intervene at 17).

Plaintiffs simply argue that the Defendants and the proposed intervenor both want the same outcome:  for the Court to find that the Act does not violate Plaintiffs' constitutional rights.  Plaintiffs assert that the law presumes that a state's attorney general will adequately protect legislation from constitutional challenges.  (Pls' Memo. in Opp. at 5).

While the Court agrees that both Defendants and the proposed intervenor may seek the same outcome of this case, each may present its own unique arguments in support of the Act.  Certainly, Defendants and the Humane Society are completely unrelated organizations that represent different interests.  The state Defendants represent the general public as a whole and are focused on the affirmance of the Act in general, whereas the Humane Society has more specialized goals in mind and brings a unique perspective to this litigation–the animal welfare and public safety interests that drove the passage of this Act.

**IV.     CONCLUSION**

In conclusion, the Court finds that the proposed intervenor, the Humane Society of the United States, has sufficiently established the four elements to intervene as of right in this case. Accordingly, the Humane Society of the United States' Motion to Intervene is **GRANTED**. The Intervenor's Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction shall be filed no later than December 4, 2012.

The Clerk shall remove Document 9 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**